IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD HARRIS, JR., individually and on behalf of all persons similarly situated,** | Civil Action No. |
| Plaintiff, | Complaint -- Class and Collective Action |
| v. | Jury Trial Demanded |
| **BRONCS, INC.,** | |
| Defendant. | FILED ELECTRONICALLY |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Richard Harris, Jr. ("Plaintiff"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint ("Complaint") against Defendant Broncs, Inc. ("Defendant" or "Broncs") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiff's claims occurred within this District and Division, and Defendant conducts business in this judicial District and Division.

1

## PARTIES

4. Plaintiff Richard Harris, Jr. ("Plaintiff") is a Texas resident who has been employed by Broncs in Pennsylvania, West Virginia and Texas between approximately June 2015 and April 2016. Pursuant to 29 U.S.C. § 216(b), Plaintiff Harris has consented in writing to being a Plaintiff in this action. *See* Ex. A.

5. Defendant Broncs, Inc. ("Broncs") is a corporation providing third party services to the oil and gas industry, including frac stacks, manifolds, pipe racks, and flowback services throughout the United States, including this judicial District.

6. Defendant is incorporated in Texas and maintains its corporate headquarters in Odessa, Texas.

7. Defendant was acquired by Stuart Petroleum Testers, Inc. d/b/a Stuart Pressure Control ("Stuart") in or around July 2015. Stuart is incorporated in Texas and is headquartered in the Woodlands, Texas.

8. Based on information and belief, Defendant continues to operate as Broncs, Inc.

9. Defendant employs individuals (including Plaintiff) who perform a variety of services for oil and gas companies. Defendant's financial results are driven by the number of employees performing services for Defendant's customers and the fees that Defendant charges the customers for these services.

10. Defendant employed Plaintiff and continues to employ similarly situated employees.

11. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-

207.

12. Defendant's annual gross volume of business exceeds $500,000.

13. Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

14. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All current or former field employees who worked for Broncs, LLC ("Broncs") in the United States and who were paid a Base Monthly Salary with Day Bonus compensation at any time between June 2, 2013 and March 1, 2016 (the "FLSA Class").

15. Plaintiff brings this lawsuit for Counts II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former field employees who worked for Broncs, LLC ("Broncs") in the Pennsylvania and who were paid a Base Monthly Salary with Day Bonus compensation at any time at any time between June 2, 2012[1] and the March 1, 2016 (the "Pennsylvania Class").

16. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

17. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

18. Defendant employs members of the Classes throughout the United States.

19. Between approximately June 2015 and April 2016, Plaintiff was employed by Defendant as a flowback operator in and around Pennsylvania, West Virginia and Texas.

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim is four (4) years. Therefore, employees may be members of the Pennsylvania Class if they were employed on or after June 2, 2012, for at least one of the claims alleged on behalf of the Pennsylvania Class.

20. During Plaintiff's employment, until March 2016, Defendant paid Plaintiff a salary and a day bonus which did not provide him with any overtime premium for hours worked in excess of forty (40) in a workweek.

21. Upon information and belief, all of the Class Members were paid pursuant to a compensation scheme that denied them overtime compensation, in violation of the FLSA and state wage and hour laws.

22. In or around March 1, 2016, Defendant reclassified Plaintiff and Class Members as non-exempt and began paying them an hourly wage plus overtime. Defendant did not pay Class Members any back pay for previous unpaid overtime.

23. The rigs on which Plaintiff and Class Members work are not used as a means of transportation.

24. Plaintiff and Class Members are non-exempt from the overtime pay mandates of the FLSA and state wage and hour laws.

25. Plaintiff and Class Members are blue collar workers whose work involves repetitive manual labor duties such as setting up, tearing down, monitoring and maintaining field equipment; performing pre- and post-job equipment inspections; performing preventative maintenance procedures on the specialized equipment; operating support equipment; cleaning and maintaining their work locations; and assembling and preparing equipment for installation.

26. Plaintiff and Class Members do not work in offices; instead, they perform all of their work outside, year-round.

27. Plaintiff and Class Members exercise little to no discretion in performing their jobs. Rather, Plaintiff and Class Members perform duties that are specifically assigned by upper-level managers.

28. Plaintiff and Class Members also apply their knowledge of oil and gas drilling to follow specifically prescribed procedures or determine which procedure to follow.

29. Plaintiff and Class Members have no input as to staffing jobs or setting production goals. All decisions regarding staffing and production are handled by upper-level managers.

30. Plaintiff and Class Members do not supervise any other employees who work for Defendant.

31. Plaintiff and Class Members do not manage a customarily recognized department or subdivision of Defendant's business operations.

32. Plaintiff and Class Members have no discretion to hire or fire employees. All decisions regarding hiring and firing are handled by upper-level managers.

33. Plaintiff and Class Members have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

34. Plaintiff and Class Members have no authority to enter into agreements or contracts with clients or customers. All decisions regarding customer agreements or contracts are handled by upper-level managers.

35. Plaintiff and Class Members have no independent authority to spend company funds.

36. Defendant has a policy or practice of failing to compensate Plaintiff and Class Members for all overtime hours worked.

37. Despite the fact that Plaintiff and Class Members do not perform duties that would qualify them as exempt from the overtime pay mandates of the FLSA and state wage and

hour laws, Defendant has misclassified them to avoid paying overtime compensation.

38. With knowledge of the non-exempt job duties that Plaintiff and Class Members perform, Defendant schedule Plaintiff and Class Members to work twelve (12) hour shifts, seven (7) days per week.

39. Plaintiff and Class Members frequently work in excess of their scheduled twelve (12) hour shifts. Plaintiff and Class Members are often required to attend pre- and/or post-shift meetings, and Plaintiff and the Class must remain working when mechanical or staffing issues arise.

40. Plaintiff and Class Members routinely work in excess of forty (40) hours per week during almost every week that they work.

41. Defendant does not pay Plaintiff and Class Members any overtime premiums for hours worked over forty (40) in a workweek.

42. Defendant does not maintain accurate records of the actual hours that Plaintiff and Class Members worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

43. Defendant knew or should have known that Plaintiff and Class Members were not exempt from the FLSA or applicable state law overtime requirements.

44. Defendant has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the FLSA Class for hours worked in excess of forty (40) during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

46. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

47. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

48. Specifically, Defendant paid Plaintiff and the FLSA Class a salary plus day bonus, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

49. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records, as well as the records of any payroll companies that Defendant utilizes. Defendant employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of himself and the Pennsylvania Class defined above.

51. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

52. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

53. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Broncs has violated and continues to violate Pennsylvania law through its policy or practice of not paying its field employees overtime compensation.

54. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting

only individual Class members.

56. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Pennsylvania Class is readily identifiable from Broncs' own employment records.  Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Broncs.

57. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Broncs.

58. Without a class action, Broncs will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class.  Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the Fair Labor Standards Act
### (On Behalf of the FLSA Class)

59. All previous paragraphs are incorporated as though fully set forth herein.

60. The FLSA requires that covered employees be compensated for all hours worked

in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

61. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

63. At all relevant times and continuing to in or around March 1, 2016, Defendant had a policy and practice of refusing to pay overtime compensation for its field workers for hours worked in excess of forty (40) per workweek.

64. Defendant knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

65. As a result of Defendant's willful failure to compensate Plaintiff and the FLSA Class at a rate of not less than one and one-half (1 ½) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continue to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

66. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

67. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of the Pennsylvania Class)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

70. Broncs is subject to the overtime requirements of the PMWA because Broncs is an employer under 43 P.S. § 333.103(g).

71. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

72. Broncs' compensation scheme that is applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. § 333.104(c).

73. Broncs failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

74. Pursuant 43 P.S. § 333.113, employers, such as Broncs, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
### Unjust Enrichment
### (On Behalf of the Pennsylvania Class)

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Broncs has received and benefited from the uncompensated labors of Plaintiff and

11

the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

77. At all relevant times hereto, Broncs devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

78. Contrary to all good faith and fair dealing, Broncs induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

79. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Broncs enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Broncs retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

80. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Broncs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, seeks the following relief:

   A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential

FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

Dated: June 2, 2016

Respectfully submitted,

**BERGER & MONTAGUE, P.C.**

_____
Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
Alexandra K. Piazza (PA 315240)
Camille Fundora (PA 312533)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

*Attorneys for the Plaintiff and the Proposed Classes*

*\* Application for Admission to be Filed*

13